[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
On December 28, 2000, the plaintiff Raymond Esposito as executor of the estate of Neil Esposito ("Esposito"), filed a three-count complaint against the defendants, Heather Specyalski ("Specyalski") and Mercedes-Benz Credit Corporation ("MBCC"), for damages sustained when a vehicle allegedly operated by Specyalski on October 30, 1999 veered off the highway and struck several trees. Neil Esposito, a passenger in the subject vehicle, died as the result of his injuries. The car driven by Specyalski was owned by MBCC and leased to Rubbish Removal of Hartford, Inc. ("Rubbish Removal"); Neil Esposito guaranteed payment of all amounts owed under the subject lease.
MBCC filed an answer, special defenses and a counterclaim on January 22, 2001. Additionally, MBCC moved to implead Rubbish Removal as a third party plaintiff which was granted by the court on February 15, 2001.
By motion dated January 31, 2001, the plaintiff moves to strike MBCC's first special defense and its counterclaim.[1] By motion dated February 20, 2001, Rubbish Removal moves to strike MBCC's third party complaint. The counterclaim and third party complaint seek indemnification for any judgment which may be rendered against MBCC in favor of the plaintiff because of a certain provision in the lease agreement.[2] The plaintiff and Rubbish Removal claim that the subject indemnification provision violates the public policy underlying section 14-1 54a of the General Statutes.[3] The court heard oral argument on the motions to strike on April 18, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint [or pleading] . . . to state a claim upon which relief can be granted." (Citation omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in CT Page 8535 ruling on a motion to strike is "to examine the [pleading], construed in favor of the [pleading party], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citation omitted; internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCompany, 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." (Citation omitted; internal quotation marks omitted.) Faulkner, supra, 580. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOG Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The plaintiff and Rubbish Removal claim that, because neither Neil Esposito nor Rubbish Removal caused the injuries for which MBCC maybe liable under section 14-154a of the General Statutes, the lease's indemnity provision referenced in the counterclaim and third party complaint violates the public policy underlying the subject statute. In support of their motions to strike, the plaintiff and Rubbish Removal cite the case of Smith v. Mitsubishi Motors Credit of America, Inc.247 Conn. 342, 721 A.2d 1187 (1998). In Smith, the Connecticut Supreme Court held that "section 14-154a does not preclude, as a matter of public policy, the enforcement of an indemnity clause in an automobile lease in cases in which the lessee, as tortfeasor, has caused injuries for which the owner has paid damages. An automobile owner's statutory liability to injured third persons does not shield such a lessee from liability." Id., 349. Although the decision does not specifically address the validity of indemnity clauses in situations in which the indemnitor is not the tortfeasor, this court declines to find as a matter of law that in all situations in which the indemnitor lessee does not cause his or her own injuries, an indemnification clause in the lease agreement violates the public policy underlying section 14-154a of the General Statutes. The determination that such a clause is invalid can only be made after facts in evidence have established that enforcement of the subject provision would be unconscionable. The Smith case is in accord. In its conclusion at page 355, the Court holds that "[a]s a matter of law, an indemnity clause in an automobile lease does not violate public policy in general or section 14-154a in particular. As a matter of fact, the indemnity clause in this lease was enforceable because it was neither procedurally nor substantively unconscionable."
Construing the allegations in the counterclaim and third party complaint in the light most favorable to MBCC, as the court must do in considering a motion to strike, the court cannot declare the subject indemnity clause invalid as a matter of law on the sole basis that the indemnitor lessee was not the tortfeasor. The plaintiff and Rubbish Removal, as the issue is presented, are essentially claiming that the CT Page 8536 subject clause is unconscionable under the facts of this case. Unconscionability is intensively fact-bound and the court cannot make such a determination at this stage of the proceedings.
Accordingly, the court denies the plaintiff Raymond Esposito, Executor's motion to strike the counterclaim and Rubbish Removal's motion to strike the third party complaint.
Koletsky, J.